UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Cameron Cecchini,<br>　　　　　　　　Plaintiff,<br>　　vs.<br><br>City of Minneapolis and Brian Butler,<br>in his individual capacity,<br>　　　　　　　　Defendants. | Civil No. _____<br><br><br>**COMPLAINT**<br><br>**JURY TRIAL REQUESTED** |

This is a civil action arising from the unlawful arrest of Plaintiff Cameron Cecchini, a Minneapolis restaurant owner, who was arrested without probable cause after Plaintiff's business, Tenant Restaurant, was burglarized.

## JURISDICTION AND VENUE

1. This is an action for monetary and declaratory relief under 42 U.S.C. §§ 1983 and 1988. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1343(a)(3), 1331, and 1367. Venue lies properly in this District pursuant to 28 U.S.C. § 1391, as the events giving rise to this action occurred in this District and, on information and belief, Defendants reside in this District.

## PARTIES

2. Plaintiff is an adult resident of Minneapolis, Minnesota.

3. Defendant City of Minneapolis (the "City") is a municipality incorporated in the State of Minnesota. The City is sued directly and also on the theories of respondeat superior and vicarious liability and pursuant to Minn. Stat. § 466.02 for the unlawful conduct of one of its employees, Defendant Brian Butler.

4.      Defendant Brian Butler committed the acts set forth in this Complaint as an agent or employee of Defendant City of Minneapolis. Plaintiff is suing him in his individual capacity.

## FACTUAL ALLEGATIONS

5.      On August 23, 2025, Tenant Restaurant, located at 4300 Bryant Ave. South in Minneapolis, was burglarized at approximately 2:50 a.m.

6.      Plaintiff, the co-owner of Tenant Restaurant, rode his bicycle to Tenant Restaurant following the burglary and was the first person on site.

7.      At approximately 3:05 a.m., Minneapolis Police Department Officer Zane Anderson arrived at Tenant Restaurant and greeted Plaintiff.

8.      At approximately 3:06 a.m., a second Minneapolis Police Department officer, Mohamed Qasim, arrived at Tenant Restaurant.

9.      Plaintiff answered the officers' questions and complied with all instructions from officers.

10.     At approximately 3:13 a.m., Defendant Butler arrived on the scene.

11.     At approximately 3:14 a.m., Officer Qasim told Plaintiff to obtain more information from the alarm company.

12.     At approximately 3:14 a.m., Plaintiff called Alarm Central USA.

13.     At approximately 3:15 a.m., Officer Mark Bascovsky arrived at Tenant Restaurant.

14.     As of 3:16 a.m. on August 23, 2025, there were eight Minneapolis Police Department officers at Tenant Restaurant.

2

15.     The officers at Tenant Restaurant all knew that Plaintiff was an owner of Tenant Restaurant.

16.     At approximately 3:16 a.m., Plaintiff used his key to unlock the front door of Tenant Restaurant at the direction of Officer Bascovsky.

17.     At approximately 3:17 a.m., Plaintiff resumed a phone call with Alarm Central USA.

18.     During this time, all of Plaintiff's interactions with the officers at Tenant Restaurant were positive. Plaintiff helped the officers and provided the information they requested.

19.     No officer had reason to suspect that Plaintiff had burglarized his own business or that Plaintiff had committed any other crime on August 23, 2025.

20.     As of 3:18 a.m., not only was Defendant Butler aware that Plaintiff was an owner of Tenant Restaurant, but Defendant Butler could see and hear that Plaintiff was on the phone with Alarm Central USA.

21.     As of 3:18 a.m., Plaintiff was not aware that Defendant Butler was present, much less that Defendant Butler was a police officer.

22.     At 3:19 a.m., Defendant Butler, holding his service weapon, approached Plaintiff and shouted at him to move. At the time, Plaintiff was not interfering with or obstructing Defendant Butler's duties or activities.

23.     Plaintiff was startled by the shouting and informed Defendant Butler that he was on the phone. Plaintiff was, in fact, on the phone with Alarm Central USA as other officers had earlier requested.

24.     At 3:19 a.m., Defendant Butler told Plaintiff three times that he was under arrest.

25.     Defendant Butler lacked probable cause to arrest Plaintiff when he stated that Plaintiff was under arrest.

26.     Defendant Butler knew that he lacked probable cause to arrest Plaintiff.

27.     Plaintiff did not engage in any conduct that would have given an officer reason to believe that there was probable cause to arrest Plaintiff for any alleged offense.

28.     At 3:19 a.m., Defendant Butler took Plaintiff's phone from Plaintiff, without a warrant or consent from Plaintiff.

29.     Defendant Butler turned off the recording that was in progress on Plaintiff's phone and, on information and belief, deleted a video from Plaintiff's phone.

30.     At 3:20 a.m., another officer, speaking to both Plaintiff and Defendant Butler, said, "Relax, both of you guys, relax."

31.     At 3:20 a.m., Plaintiff told Defendant Butler that there was no reason to put handcuffs on Plaintiff.

32.     Defendant Butler ignored Plaintiff and put handcuffs on Plaintiff anyway.

33.     At 3:20 a.m., Plaintiff said, "Oh my God. I called you guys. I called you for help. Why are you doing this? Why are you doing this to me? What's happening?"

34.     At 3:20 a.m., Plaintiff told Defendant Butler that Defendant Butler did not need to push Plaintiff.

35.     At 3:21 a.m., Defendant Butler told Plaintiff, "You are so gonna go to jail."

36.     There was no probable cause to arrest Plaintiff, much less to transport Plaintiff to jail.

37.     At 3:21 a.m., on information and belief, Defendant Butler pricked Plaintiff's arm with something.

38.     At 3:21 a.m., Plaintiff said to Defendant Butler, "Please, please, just listen . . ."

39.     Defendant Butler responded, "No, you're going to jail."

40.     At 3:22 a.m., Plaintiff told Defendant Butler, "This is like a nightmare, dude."

41.     At 3:23 a.m., Defendant Butler squeezed and twisted Plaintiff's arm behind Plaintiff's back.

42.     At 3:23 a.m., Plaintiff told Defendant Butler, "I'm not one the people that is fighting against you guys. I called you guys."

43.     At 3:23 a.m., Defendant Butler told Plaintiff again that he was under arrest.

44.     At 3:25 a.m., Defendant Butler searched Plaintiff's wallet.

45.     At 3:25 a.m., Defendant Butler attempted to explain to another officer why he had arrested Plaintiff, who was the victim of the crime to which the officers had responded.

46.     Defendant Butler stated that Plaintiff "was walking back and forth in between the windows and shit," and that Plaintiff refused to move when Defendant Butler had asked Plaintiff to move behind a squad car.

47.     In fact, as Defendant Butler knew, Plaintiff had been sitting on a bench outside his own restaurant when Defendant Butler approached him and arrested him without probable cause, and Plaintiff had not said "no" in response to Defendant Butler's request that Plaintiff move.

48.     At 3:25 a.m., Officer Bascovsky instructed Officer Qasim to remove Plaintiff's handcuffs.

49.     Officer Qasim removed Plaintiff's handcuffs.

50.     At 3:30 a.m., Plaintiff received a citation for obstruction, and Plaintiff was released and free to go.

51.     The events described above are shown in body-worn camera footage recorded by one or more of the officers on the scene, and such footage is embraced by and incorporated into this Complaint.

52.     Defendant Butler requested that a criminal charge of obstruction be brought against Plaintiff based on verbal conduct that did not constitute fighting words.

53.    Defendant Butler did so even though it was clear to Defendant Butler that there was no probable cause to believe that Plaintiff committed any crime, much less obstruction.

54.    Defendant Butler was aware at the time he arrested Plaintiff, and at the time he requested that a criminal charge of obstruction be brought against Plaintiff, that absent allegations regarding "fighting words," verbal conduct does not constitute obstruction in Minnesota. *See, e.g., State v. Tomlin*, 622 N.W.2d 546, 549 (Minn. 2001).

55.    At no time did Plaintiff's physical conduct constitute criminal obstruction to Defendant Butler or any other officer.

56.    Plaintiff was charged with obstruction as a direct result of Defendant Butler's request that a criminal charge of obstruction be brought against Plaintiff.

57.    Defendant Butler requested the charge due to his frustration and anger with Plaintiff, not because Plaintiff's conduct supported the charge.

58.    Plaintiff attended an arraignment for the baseless obstruction charge. A prosecutor employed by Defendant City of Minneapolis told Plaintiff to either plead guilty to obstruction or return to court for a second appearance with an attorney representing Plaintiff.

59.    Plaintiff attended a second appearance for the baseless obstruction charge. A prosecutor employed by Defendant City of Minneapolis dismissed the baseless obstruction charge, telling Plaintiff that it took about two minutes to

7

decide to dismiss it, that she had no idea how or why it was even on her desk, and apologizing to Plaintiff.

60. Though dismissed, the baseless obstruction charge has not been expunged.

61. Defendant Butler's arrest of Plaintiff without probable cause was extremely traumatic for Plaintiff.

62. Defendant Butler's arrest of Plaintiff without probable cause damaged Plaintiff's trust and faith in police.

63. Defendant Butler's arrest of Plaintiff without probable cause has had a negative impact on some of Plaintiff's professional and personal relationships.

64. Defendant Butler's arrest of Plaintiff without probable cause resulted in physical and emotional harm and damage to Plaintiff, including but not limited to loss of liberty, emotional distress (e.g., depression and anxiety), a bruised arm, and the exacerbation of a foot injury that Plaintiff had suffered prior to this incident.

## COUNT 1
### False Arrest in Violation of 42 U.S.C. § 1983 and the
### Fourth and Fourteenth Amendments
### Against Defendant Butler

65. Plaintiff re-alleges and incorporates all of the above paragraphs as though fully stated herein.

66. Defendant Butler's warrantless arrest of Plaintiff was unsupported by probable cause and violated the Fourth Amendment.

8

67. Defendant Butler was acting under color of state law when he arrested Plaintiff.

68. It was clearly established well before this incident "that an individual cannot be arrested under Minn. Stat. § 609.50 unless that individual commits an intentional physical act of obstruction or interference, or uses words that have the same effect." *Johnson v. City of Minneapolis*, 2009 WL 10711599, at *6 (D. Minn. Aug. 24, 2009).

69. "Because the Minnesota Supreme Court narrowed the criminal statute to require physical interference, . . . a reasonable officer . . . would have understood there was no probable cause to arrest [Plaintiff]." *Thompson v. City of Minneapolis*, 2008 WL 11458593, at *6 (D. Minn. Apr. 22, 2008).

70. "No reasonable police officer could believe that he had arguable probable cause to arrest such an on-looker in this situation, for obstruction of governmental operations or for any other purported crime." *Walker v. City of Pine Bluff*, 414 F.3d 989, 993 (8th Cir. 2005).

71. Plaintiff "did not physically obstruct or interfere with the officers, nor did [he] use 'fighting words' or words that would have had the effect of physically obstructing or interfering with the officers." *Weiner v. Lappegard*, 2005 WL 1155943, at *5 (D. Minn. May 16, 2005) (footnote omitted).

72. "Under the facts and circumstances of this case, a jury could reasonably believe that [Plaintiff] did not refuse to" move, "but hesitated" because

9

he was on the phone with the alarm company. *Arnott v. Mataya*, 995 F.2d 121, 124 (8th Cir. 1993).

73. As a direct and proximate cause of this violation of Plaintiff's rights by Defendant Butler, Plaintiff was harmed.

74. Plaintiff is entitled to recovery of his costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

75. Punitive damages are available against Defendant Butler, are hereby claimed as a matter of federal common law, *Smith v. Wade*, 461 U.S. 30 (1983), and, as such, are not subject to the pleading standard set forth in Minn. Stat. § 549.20.

### COUNT 2
### State Law Claim – False Arrest
### Against Defendant City of Minneapolis and Defendant Butler

76. Plaintiff re-alleges and incorporates all of the above paragraphs as though fully stated herein.

77. The actions of Defendant Butler intentionally restricted Plaintiff's physical liberty on August 23, 2025.

78. Plaintiff was aware of and was harmed by these actions by Defendant Butler.

79. There was no reasonable means of escape known to Plaintiff.

80. Plaintiff's arrest was made without probable cause or proper legal authority.

81.    Defendant Butler acted with malice, as it is defined in the context of official immunity, because he intentionally committed the acts described above with reason to believe they were legally prohibited.

82.    The City is vicariously liable for the acts described above by Defendant Butler, as these acts were committed in the scope of Defendant Butler's employment.

83.    As a proximate cause of the false arrest of Plaintiff by Defendant Butler, Plaintiff suffered harm.

**COUNT 3**
**Excessive Force in Violation of 42 U.S.C. § 1983 and the**
**Fourth and Fourteenth Amendments**
**Against Defendant Butler**

84.    Plaintiff restates the allegations contained in the previous paragraphs as if fully set forth herein.

85.    The use of force by Defendant Butler, described above, was objectively unreasonable and violated Plaintiff's Fourth Amendment rights.

86.    Defendant Butler acted under color of law.

87.    The actions of Defendant Butler, described above, constituted an unlawful seizure in violation of Plaintiff's Fourth Amendment rights.

88.    Defendant Butler willfully engaged in this unconstitutional conduct.

89.    It was clearly established well before this incident that "it would be unreasonable to use any amount of force to seize" Plaintiff, as Plaintiff was a person who Defendant Butler had no particularized suspicion to stop or detain. *Heard v.*

*City of Red Wing*, 393 F. Supp. 3d 785, 791 (D. Minn. 2019); see also *Hemphill v. Hale*, 677 F.3d 799, 801 (8th Cir. 2012).

90.     Any "reasonable officer would know that, in a situation in which any seizure is unreasonable, the use of any force to effect a seizure would likewise be unreasonable," and that "the law was crystal clear that an officer does not have the right to effect any seizure of a citizen—and thus does not have the right to use any force against a citizen—except when there is probable cause to believe that the citizen has committed a crime (or in the narrow circumstances when probable cause is not required)." *Trang Nguyen v. Lokke*, 2013 WL 4747459, at *4 (D. Minn. Sept. 4, 2013); *see also Smith v. Appledorn*, 2013 WL 451320, at *4-5 (D. Minn. Feb. 6, 2013) (stating that in a case where "force was used in the course of an unreasonable seizure," "no use of force would have been reasonable," and that a reasonable officer "would have known that it would be unreasonable to use any amount of force to seize a person in the position—injured, complying, and not fighting—that Smith maintains that he was in").

91.     As a direct and proximate result of this violation of Plaintiff's constitutional rights, Plaintiff suffered harm.

92.     Plaintiff is entitled to recovery of his costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

93.     Punitive damages are available against Defendant Butler, are hereby claimed as a matter of federal common law, *Smith v. Wade*, 461 U.S. 30 (1983), and, as such, are not subject to the pleading standard set forth in Minn. Stat. § 549.20.

12

## COUNT 4
### State Law Claim – Battery
### Against Defendant City of Minneapolis and Defendant Butler

94.    Plaintiff restates the allegations contained in the previous paragraphs as if fully set forth herein.

95.    Defendant Butler intentionally caused harmful or offensive contact with Plaintiff.

96.    Defendant Butler acted with malice as it is defined in the context of official immunity, because he intentionally committed the acts described above, which he had reason to believe were legally prohibited.

97.    The City is vicariously liable for the acts described above by Defendant Butler, as these acts were committed in the scope of Defendant Butler's employment.

98.    As a direct and proximate result of the actions of Defendant Butler, Plaintiff suffered harm.

## COUNT 5
### State Law Claim – Assault
### Against Defendant City of Minneapolis and Defendant Butler

99.    Plaintiff restates the allegations contained in the previous paragraphs as if fully set forth herein.

100.    Defendant Butler acted with intent to cause Plaintiff to experience apprehension or fear of immediate harm or offensive contact.

101.    Defendant Butler had the apparent ability to cause harm to, or offensive contact with, Plaintiff.

13

102.    Plaintiff experienced a reasonable apprehension or fear that immediate harm or offensive contact would occur due to the actions of Defendant Butler.

103.    Defendant Butler acted with malice as it is defined in the context of official immunity, because he intentionally committed the acts described above, which he had reason to believe were legally prohibited.

104.    The City is vicariously liable for the acts described above by Defendant Butler, as these acts were committed in the scope of Defendant Butler's employment.

105.    As a direct and proximate result of the actions of Defendant Butler, Plaintiff suffered harm.

## COUNT 6
### Malicious Prosecution in Violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments
### Against Defendant Butler

106.    Plaintiff restates the allegations contained in the previous paragraphs as if fully set forth herein.

107.    Defendant Butler violated Plaintiff's Fourth Amendment right to be free from malicious prosecution, which requires "the wrongful initiation of charges without probable cause." *Thompson v. Clark*, 596 U.S. 36, 43 (2022).

108.    Defendant Butler wrongfully initiated a criminal charge against Plaintiff without probable cause.

109.    The pretrial restraint on Plaintiff's liberty involved physical force against, and a seizure of, Plaintiff by Defendant Butler.

14

110. As a direct and proximate result of the actions of Defendant Butler, Plaintiff suffered harm.

111. Plaintiff is entitled to recovery of his costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

112. Punitive damages are available against Defendant Butler, are hereby claimed as a matter of federal common law, *Smith v. Wade*, 461 U.S. 30 (1983), and, as such, are not subject to the pleading standard set forth in Minn. Stat. § 549.20.

## COUNT 7
### State Law Claim – Malicious Prosecution
### Against Defendant City of Minneapolis and Defendant Butler

113. Plaintiff restates the allegations contained in the previous paragraphs as if fully set forth herein.

114. The criminal charges against Plaintiff were brought without probable cause or reasonable belief that the State of Minnesota would ultimately prevail on the merits.

115. Specifically, Defendant Butler was aware at the time he arrested Plaintiff, and at the time he requested that a criminal charge of obstruction be brought against Plaintiff, that absent allegations regarding "fighting words," verbal conduct does not constitute obstruction in Minnesota. *See, e.g., State v. Tomlin*, 622 N.W.2d 546, 549 (Minn. 2001). Defendant Butler did not observe any conduct that constituted criminal obstruction from Plaintiff.

116. The criminal charges against Plaintiff were requested with malicious intent because Defendant Butler intentionally requested that a criminal charge of

15

obstruction be brought against Plaintiff even though Defendant Butler knew that he lacked probable cause to arrest Plaintiff and knew that there was not probable cause to support any criminal charge against Plaintiff, much less an obstruction charge.

117.   Defendant Butler acted with malice as it is defined in the context of official immunity because he intentionally committed the acts described above, which he had reason to believe were legally prohibited.

118.   The criminal case against Plaintiff terminated in Plaintiff's favor.

119.   The City is vicariously liable for the acts and omissions described above by Defendant Butler.

120.   As a direct and proximate result of the actions described above, Plaintiff suffered harm.

**COUNT 8**
**Warrantless Seizure of Property in Violation of 42 U.S.C. § 1983 and the**
**Fourth and Fourteenth Amendments**
**Against Defendant Butler**

121.   Plaintiff restates the preceding paragraphs as if fully stated herein.

122.   At the time Defendant Butler seized Plaintiff's cell phone without a warrant, it was clearly established that the warrantless seizure of property is a per se violation of the Fourth Amendment.

123.   No objectively reasonable officer in Defendant Butler's position would have believed that there was a legal basis for the seizure of Plaintiff's cell phone. *See Dixon v. Lowery*, 302 F.3d 857, 864 (8th Cir. 2002) ("Under the Fourth

16

Amendment, seizure of property without a warrant, in circumstances such as those present in this case, is unreasonable.").

124. By the actions described above, Defendant Butler, under color of state law, violated and deprived Plaintiff of Plaintiff's clearly established and well-settled right to be free from a warrantless seizure of his property.

125. Defendant Butler subjected Plaintiff to this deprivation of his rights either maliciously or acting with reckless disregard for whether Plaintiff's rights would be violated by these actions.

126. As a direct and proximate result of the acts of Defendant Butler, Plaintiff was harmed.

127. Plaintiff is entitled to recovery of his costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

128. Punitive damages are available against Defendant Butler, are hereby claimed as a matter of federal common law, *Smith v. Wade*, 461 U.S. 30 (1983), and, as such, are not subject to the pleading standard set forth in Minn. Stat. § 549.20.

**COUNT 9**
**State Law Claim – Negligence Per Se**
**Against Defendant City of Minneapolis and Defendant Butler**

129. Plaintiff restates the preceding paragraphs as if fully stated herein.

130. Defendant Butler unlawfully took Plaintiff's personal property – Plaintiff's cell phone and, on information and belief, a video Defendant Butler deleted from Plaintiff's cell phone – in violation of Minn. Stat. § 604.14, and had no intention of returning the personal property.

131.    The City is vicariously liable to Plaintiff for this theft by Defendant Butler, as it was committed in the scope of Defendant Butler's employment.

132.    These actions of Defendant Butler caused Plaintiff to suffer harm, including but not limited to the loss of his personal property.

## COUNT 10
### State Law Claim – Conversion
### Against Defendant City of Minneapolis and Defendant Butler

133.    Plaintiff restates the allegations contained in the previous paragraphs as if fully set forth herein.

134.    By the conduct detailed above, Defendant Butler acted in a manner contrary to Plaintiff's personal property rights.

135.    By the conduct detailed above, Defendant Butler intentionally deprived Plaintiff of possession of his personal property, specifically his cell phone and, on information and belief, the video Defendant Butler deleted from Plaintiff's cell phone.

136.    Moreover, Defendant Butler acted with malice as it is defined in the context of official immunity, because Defendant Butler intentionally committed these acts, which Defendant Butler had reason to believe were legally prohibited.

137.    The City is vicariously liable for the acts described above by Defendant Butler, as these acts were committed in the scope of Defendant Butler's employment.

138.    The actions of Defendant Butler caused Plaintiff to suffer harm, including but not limited to loss of his personal property.

18

## COUNT 11
### Unlawful Search in Violation of 42 U.S.C. § 1983 and the
### Fourth and Fourteenth Amendments
### Against Defendant Butler

139.    Plaintiff restates the allegations contained in the previous paragraphs as if fully set forth herein.

140.    Defendant Butler's search of Plaintiff and Plaintiff's wallet violated clearly established law.

141.    Plaintiff told Defendant Butler that Defendant Butler did not have Plaintiff's consent when Defendant Butler searched Plaintiff.

142.    Defendant Butler "clearly lacked authority to conduct a search incident to an arrest that he was not authorized to make." *Johnson v. Phillips*, 664 F.3d 232, 238-39 (8th Cir. 2011).

143.    These actions of Defendant Butler caused Plaintiff to suffer harm.

144.    Plaintiff is entitled to recovery of his costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

145.    Punitive damages are available against Defendant Butler, are hereby claimed as a matter of federal common law, *Smith v. Wade*, 461 U.S. 30 (1983), and, as such, are not subject to the pleading standard set forth in Minn. Stat. § 549.20.

### JURY DEMAND

146.    Plaintiff demands a jury trial.

### REQUEST FOR RELIEF

Plaintiff requests relief as follows:

19

1.   Damages compensating Plaintiff for his injuries and harm against all

Defendants, jointly and severally;

2.   Punitive damages against Defendant Butler;

3.   Prejudgment interest;

4.   Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

5.   All other relief the Court deems appropriate.

Dated:  January 5, 2026

s/*Tim Phillips*
Tim Phillips (#390907)
Law Office of Tim Phillips
331 Second Ave. S, Suite 400
TriTech Center
Minneapolis, Minnesota 55401
(612) 470-7179
tim@timphillipslaw.com

s/*Eric Rice*
Eric A. Rice (#0388861)
Law Office of Eric A. Rice, LLC
1 W. Water St., Ste. 275
St. Paul, MN 55107
Phone: (651) 998-9660
Fax: (651) 344-0763
Email: eric@ricedefense.com

**ATTORNEYS FOR PLAINTIFF**